257 S.W.2d 384 (1953)
BYERS et al.
v.
ZUSPANN et al.
No. 28742.
St. Louis Court of Appeals. Missouri.
May 4, 1953.
*385 Hilbert & Veatch and Earl L. Veatch, Monticello, for appellant.
J. Andy Zenge, Jr., Canton, for respondents.
RUDDY, Judge.
This is an appeal by defendant, Newell A. Zuspann, from a judgment of the Circuit Court of Lewis County, in favor of plaintiffs, in the sum of $3,000.
Plaintiffs have filed in this court their motion to dismiss defendant's appeal and have given, among others, the following reasons:
"(1). The Appellants failed to file their notice of appeal within ten days after the overruling of their motion for a new trial said motion for new trial being overruled on the 21st day of January 1953 and the notice of appeal not having been filed until the 3rd day of February, 1953. * * *
"(3). Appellants' notice of appeal shows that it was filed January 23rd 1953 at Monticello Missouri but actually the notice of appeal was not filed at that time; the notice of appeal was not filed with the Clerk even at Monticello Missouri and the Clerk and the Deputy Circuit Clerk at Monticello Missouri do not know who placed the file mark on the notice of appeal but are positive that neither of them did and that no one having any authority from them to do so placed the file mark on said notice of appeal; that said notice of appeal was found in the desk drawer of the Deputy Circuit Clerk on the 2nd day of February 1953 but that he nor the Circuit Clerk had seen said notice of appeal prior to that date; that the notice of appeal shows on the face thereof that it should be filed at Canton Missouri; that on the 2nd day of February 1953 the Deputy Circuit Clerk at Monticello struck a line through the word Monticello where it appears stamped on the notice of appeal and wrote the word Canton thereunder. * * *
"(5). Respondents have attached hereto three affidavits in support of this motion said affidavits being marked exhibits A, B, and C, and make[s] same a part of this motion."
Regular terms of court are held in Lewis County at Monticello and at Canton. Section 478.207 RSMo 1949, V.A.M.S.
The record shows that the case was tried at Canton, Missouri. On October 21, 1952, a jury returned a verdict in favor of plaintiffs and against defendant, Newell Zuspann, in the sum of $3,000.00 and judgment was entered accordingly. Thereafter, and on October 24, 1952, said defendant filed his motion for a new trial, which motion for new trial was overruled by the trial court on January 21, 1953. Following the court's ruling on defendant's motion for new trial *386 the transcript of the record shows the following entry:
"Notice of Appeal:
"Thereafter, and on February 3, 1953, there was entered of record in the records of the Circuit Court of Lewis County, Missouri, at Canton the following entry:
"`Feb. 3, 1953. In Vacation.
Now on this day is received and filed notice of appeal in this cause.'
(Said Notice of Appeal so filed as aforesaid is as follows:)
 "Notice of Appeal
 Circuit Court for the County of Lewis
 State of Missouri
 At Canton, Mo.
 "Filed
 Jan. 23, 1953
 Hosea M. Little
 Clerk of the Circuit
 Court,
 Lewis County, at
 Missouri Canton
S. T. Byers and Leora Byers
 Plaintiff
vs.
Newell A. Zuspann and Ferris Zuspann
 Defendant
No. 3356
"Notice of Appeal
Notice is hereby given that Newell A. Zuspann, Defendant above-named, hereby appeals to the St. Louis Court of Appeals from the Final judgment entered in this action on the 21st day of January, 1953
s/ Hilbert & Veatch
Attorneys for Defendant
Dated January 22,1953. Address Monticello, Mo.
"Memorandum of the Clerk
"I have this day mailed by registered mail a copy of the within appeal to each of the following persons at the address stated:
"J. Andy Zenge, Jr., Attorney for Plaintiff, Canton, Missouri
"I have also mailed a copy of the notice of appeal to the clerk of the St. Louis Court of Appeals together with the docket fee deposited by appellant.
Dated February 3rd, 1953.
s/ H. M. Little
Circuit Clerk
By ________
Deputy Clerk
"Filed
Jan. 23 1953
Hosea M. Little
Clerk of the Circuit
Court, Lewis County,
At Monticello, Missouri."
Canton
*387 Exhibits A, B, and C attached to plaintiffs' motion to dismiss the appeal were affidavits of H. M. Little, Clerk of the Circuit Court of Lewis County; J. E. McReynolds, Deputy Circuit Clerk in Monticello, Missouri, and E. W. Lillard, Deputy Circuit Clerk in Canton, Missouri. These affidavits are lengthy and we believe no useful purpose would be served by setting them out in full. We believe it sufficient to recite the substance of these affidavits. They show that J. E. McReynolds, Deputy Circuit Clerk, on February 2, 1953, found in one of the drawers of his desk at the clerk's office in Monticello, Missouri, an original and several copies of a notice of appeal in the case of "S. T. Byers and Leora Byers, plaintiffs, v. Newell A. Zuspann and Ferris Zuspann, defendants, No. 3356" which purported to take an appeal to the St. Louis Court of Appeals from a final judgment entered the 21st day of January, 1953; that said notice bore a mark as follows: "Filed January 23 1953 Hoesa M. Little Clerk of Circuit Court, Lewis County at Monticello, Missouri"; that J. E. McReynolds has been the Deputy Circuit Clerk in Monticello, Missouri, for the past thirteen years and that he had never seen these notices of appeal prior to the second day of February, 1953; that no other member of the clerk's office either at Monticello or Canton, both in Lewis County, Missouri, had ever seen the notices of appeal prior to the second day of February, 1953; that neither H. M. Little, Circuit Clerk, or J. E. McReynolds, and E. W. Lillard, Deputy Circuit Clerks, had ever placed said file mark upon said notice of appeal and that none of them had ever authorized anyone else to do so; that none of them had any knowledge that said notice was in this office until the second day of February, 1953, at which time it was found by J. E. McReynolds; that none of them had ever seen the papers brought to the clerk's office at Monticello, Missouri; that when J. E. McReynolds found said notice of appeal in his desk on the second day of February, 1953, he drew a line through the word "Monticello" appearing in the file mark and wrote in ink thereunder the word "Canton"; that on this same day he caused a copy of the notice of the appeal to be sent by registered mail to the attorney for the plaintiffs at Canton, Missouri, and that the original thereof was forwarded to the Circuit Clerk's office at Canton, Missouri, and received there on February 3rd, 1953. On that date the entry heretofore set out was made in the records of the Circuit Court.
No counter affidavits have been given to us that would account for the appearance of this notice of appeal in the Clerk's office at Monticello or the appearance of the Clerk's filing mark thereon. From this state of the record we must assume that neither of the offices of the Circuit Clerk in Lewis County had knowledge of the filing of this notice of appeal on January 23rd, 1953, and that the first knowledge that any member of the clerk's office had of the filing of this notice of appeal was February 2nd, 1953.
When was this notice of appeal legally "filed" is the question that must be answered. Was it January 23rd or February 2nd?
It is a mandatory requirement that a notice of appeal be filed with the Clerk of the trial court "not later than ten days after the judgment or order appealed from becomes final", Section 512.050 RSMo 1949, V.A.M.S., except where the ten days have expired, and the filing of a notice of appeal within six months from the date of final judgment, has been permitted by special order of the appropriate appellate court, Section 512.060 RSMo 1949, V.A.M.S. The timely filing of a notice of appeal is the statutory "vital step" for perfecting an appeal and is jurisdictional. Starr v. Mitchell, Mo., 237 S.W. 123, loc.cit. 124, 125.
The answer to our question is found in the case of Ferguson v. Long, 341 Mo. 182, loc.cit. 187, 188, 107 S.W.2d 7, loc.cit. 10 and 11, wherein the court said: "Merely leaving or lodging the instrument in the office in which it is to be filed without the knowledge of the officer authorized to receive it would not, of course, constitute a filing within the meaning of that term. It may be said to be the general rule that the deposit or lodgment of the instrument for filing, in the proper office and its acceptance for that purpose by the proper officer constitutes a filing within the meaning of the law * * *." (Emphasis ours.) A paper *388 or document is said to be filed when it is delivered to the proper officer and lodged by him in his office. Barber Asphalt Paving Co. v. O'Brien, 128 Mo.App. 267, 107 S.W. 25.
Under the above authorities the filing of the notice of appeal in this case took place on February 2, 1953. It was on that date the proper officer authorized to receive the notice of appeal had the first knowledge of its filing. This was more than ten days from the court's order overruling defendant's motion for new trial. We are compelled to sustain plaintiffs' motion to dismiss defendant's appeal and accordingly the appeal of defendant (appellant) herein is dismissed.
BENNICK, P. J., and ANDERSON, J., concur.