Alfred ROUX, (Plaintiff) Respondent,

v.

Marvin PETTUS, (Defendant) Appellant.

No. 29458.

St. Louis Court of Appeals.

Missouri.

July 3, 1956.

Rehearing Denied Sept. 14, 1956.

McClintock & Medley, E. L. McClintock, Jr., Flat River, for appellant.

J. Richard Roberts, Roberts & Roberts, Farmington, for respondent.

ANDERSON, Presiding Judge.

Plaintiff, Alfred Roux, instituted this action for damages for personal injuries and for the damage to his automobile as the result of a collision between said car and one driven by defendant, Marvin Pettus. Defendant filed a counterclaim for damages for personal injuries and for the damage to his automobile. The trial resulted in a verdict and judgment for plaintiff on plaintiff's cause of action, and against defendant on the counterclaim. From the judgment, defendant has appealed.

The accident occurred on December 14, 1954, at the intersection of Grant and Oak Streets in the City of Desloge, Missouri. Grant Street is a north and south street. Oak Street runs east and west. Both streets are paved with a black-top surface twenty feet wide, with a parking area on each side of the street about seven feet in width. There are curbs on both streets. Grant Street is slightly downgrade as one approaches Oak Street from the south. The neighborhood around the intersection is residential in character. The street immediately east of Grant Street and parallel to it is School Street. Oak Street ends

at School Street. School Street is 320 feet east of Grant Street. Elm Street is the next street south of Oak Street.

Just prior to the accident plaintiff was driving north on Grant Street, and defendant was proceeding west on Oak Street. Plaintiff was driving a 1951 Dodge Sedan, and defendant was driving a 1954 Chevrolet. Plaintiff made a left turn into Grant Street from Elm Street, and proceeded north at a speed of twenty or twenty-five miles per hour. When he reached a point 32 feet south of the south side of Oak Street plaintiff looked to the east. At that point he could see as far as School Street, 320 feet to the east. He saw no car approaching from that direction. He then looked to his left and saw no traffic approaching from that direction. He then turned his head to look straight ahead and saw the defendant's automobile about a foot away from his car. Immediately thereafter there was a collision between the two cars. At the time of the collision the front wheels of plaintiff's car were about three feet north of "the Oak Street black-top line." His car was struck on the right side at the front and rear doors, and the back part of the right front fender. Plaintiff testified that at the scene of the accident, and immediately thereafter, he heard defendant say to a by-stander that "he had been driving entirely too fast and that he never saw me until he hit me." At no time after entering Grant Street did plaintiff diminish his speed, but at all times proceeded at about twenty to twenty-five miles per hour. There were no vehicles on the street approaching from the left, and there was nothing to prevent plaintiff from swerving to the left.

James L. Englehart, a member of the State Highway Patrol, appeared on the scene shortly after the collision. He found plaintiff's car 40 to 45 feet north of the intersection, and defendant's car in the intersection headed in a northwesterly direction. The damage to plaintiff's car was on the right side at about the front door. The damage to defendant's car was in front, at the hood and grille. The officer took statements of the parties. He testified that Mr. Pettus, the defendant, stated: "I was driving west about 30 to 35 miles per hour and I didn't see the other car, and I don't think he saw me until too late." He stated that plaintiff said: "I was going north and I didn't see the other car until we hit." He testified that plaintiff said his speed was thirty or thirty-five miles per hour. There were skid marks extending a distance of twenty-nine feet from the rear of defendant's car.

Mrs. Lena McFarland, a daughter of plaintiff, testified that during the evening of December 14, the day of the accident, defendant said to her that he was sorry the accident happened; that he was driving too fast and did not see the plaintiff until he hit him, and that it was all his fault. Like testimony was given by plaintiff's son, Charles Roux.

Defendant testified that he turned into Oak Street from School Street and proceeded westwardly at a speed of 30 or 35 miles per hour. He stated that he first saw the plaintiff's car when it was about 30 or 40 feet south of the intersection. At that time defendant was 40 or 50 feet east of the intersection. He did nothing toward altering the speed of his car at that time, but when plaintiff kept coming, defendant, seeing that plaintiff was not going to stop, applied his brakes. He stated that he applied the brakes when he was about 29 feet from the point of impact. Defendant was unable to estimate his speed at the time of the collision, but stated that he had reduced the speed of his car considerably. He said it looked as though plaintiff did not slacken his speed at any time prior to the accident, and was traveling 35 miles per hour as he came into the intersection; nor did plaintiff change his course in any manner. After the impact defendant's car moved 12 or 14 feet, and came to a stop in the middle of the intersection. Plaintiff's car at that time was 35 or 40

feet away, sitting on the side of the street. Defendant denied that he made the statement that he was driving too fast at the time and did not see plaintiff until he hit plaintiff's car. He denied making the statement that the accident was due to his fault.

Plaintiff's case was submitted to the jury on two assignments of negligence, namely, (1) negligent failure to keep and maintain a vigilant lookout for vehicles driving upon Grant Street; and (2) excessive and dangerous speed under the circumstances then and there existing.

On this appeal, it is urged by appellant that the court erred in overruling his motion to dismiss and in submitting the case on the aforementioned specifications of primary negligence, for the reason that plaintiff was guilty of contributory negligence as a matter of law.

■ Under the authorities, we are compelled to hold that plaintiff was guilty of contributory negligence as a matter of law. When plaintiff reached a point 32 feet south of Oak Street he looked to the east for traffic approaching from that direction. At that point he could see as far as School Street, a distance of 320 feet. Defendant's car at that time must have been somewhere between School Street and Grant Street. Yet plaintiff says he did not see it. He failed to see what was plainly visible to him. This was negligence on his part. Thereafter, plaintiff moved forward and almost across the intersection without again looking to his right until an instant before the vehicles collided.

■ A failure on the part of a plaintiff, where a duty to look exists, to see what is plainly visible, constitutes negligence as a matter of law. State ex rel. Kansas City Southern R. Co. v. Shain, 340

Mo. 1195, 105 S.W.2d 915; Dempsey v. Horton, 337 Mo. 379, 84 S.W.2d 621; Branscum v. Glaser, Mo.Sup., 234 S.W.2d 626.

■ Respondent contends, however, that no inference of negligent failure to see what was plainly visible could be drawn since it would necessarily be based upon his estimates of speed and distance. In making this contention respondent relies on those cases which hold that a party is not bound by his mere estimates of speed and distance where there is testimony from other witnesses more favorable to plaintiff's case. There are cases so holding, but they are not applicable here. In the instant case there was no such evidence given by other witnesses. Plaintiff's testimony amounted to a judicial admission binding on him. McCoy v. Home Oil and Gas Company, Mo. App., 60 S.W.2d 715.

As plaintiff moved forward, from a position 32 feet south of Oak Street, a mere glance to his right would have revealed defendant's rapid approach in time for plaintiff to have taken steps to avert the collision. Plaintiff's conduct on the occasion amounted to a complete indifference to the danger. We believe that reasonable minds would agree that plaintiff's conduct did not measure up to the standard to which he should have conformed to protect himself from injury.

Plaintiff was guilty of contributory negligence as a matter of law, and the trial court erred in not directing a verdict for defendant. Branscum v. Glaser, Mo.Sup., 234 S.W.2d 626; Weis v. Melvin, Mo.Sup., 219 S.W.2d 310.

The judgment is reversed.

ANDERSON, P. J., and RUDDY and MATTHES, JJ., concur.