Helen TABB, Employee (Plaintiff), Appellant,

v.

W. L. McGINLEY and Mrs. W. L. McGinley, d/b/a The Parkmoor, Employers, and Employers Mutual Liability Insurance Company, Insurer (Defendants), Respondents.

No. 29923.

St. Louis Court of Appeals.
Missouri.

June 3, 1958.

Wilson & Wilson, Margaret B. Wilson, St. Louis, for appellant.

Luke, Cunliff & Wilson, St. Louis, for respondents.

ANDERSON, Judge.

This is a proceeding under the Workmen's Compensation Law (Sections 287.-010–287.800 RSMo 1949, V.A.M.S.). Claimant-appellant is Helen Tabb. The respondents are W. L. McGinley and Mrs. W. L. McGinley, doing business as The Parkmoor, and the Employers Mutual Liability Insurance Company, Insurer. A hearing before a referee of the commission resulted in an award in favor of claimant in the sum of $23.33 per week for eight weeks. This award was made on April 19, 1957, at Jefferson City, Missouri. Notice of this award was duly mailed to claimant and received by her at her home in St. Louis the next day, April 20, 1957. On April 29, 1957, in St. Louis, Missouri, claimant mailed her application for review by the full commission addressed to the commission at Jefferson City. This application was received by said commission the following day, April 30, 1957. On the same day, to wit, April 30, 1957, the commission entered its order denying said application, on the ground that same was not filed within the time prescribed by law (section 287.480 RSMo 1949, V.A.M.S.). The circuit court affirmed, and claimant brought this appeal.

Appellant assigns as error the action of the trial court in affirming the findings and order of the Industrial Commission.

The applicable section of the Workmen's Compensation Law is section 287.480 RSMo 1949, V.A.M.S. It provides: "If an application for review is made to the commission within ten days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file same in like manner as specified in section 287.470."

It is urged by appellant that her application for review was *made* on April 29, 1957, when it was deposited in the mail, the medium used by the Division of Workmen's Compensation to give her notice of the award. It is the position of respondents that since this application was not received by the Industrial Commission within ten days from the date of the award, the application for review was not made within the time prescribed by the statute, and the commission was therefore without jurisdiction to review the claim.

Under the decisions in this state, the word "made" has been treated as synonymous with the word "filed" when used in statutes fixing the time for filing motions for rehearing.

In State ex rel. Alton R. Co. v. Public Service Commission, 348 Mo. 780, 155 S.W. 2d 149, 154, our Supreme Court had before it the question as to whether a motion for rehearing was timely filed in a proceeding before the Public Service Commission. The action before the court was in certiorari to review an order of said commission. The statute (§ 5689 R.S.Mo.1939 [1]) provided that: "No cause or action arising out of any order or decision of the commission shall accrue in any court to any corporation or person or public utility unless such corporation or person or public utility *shall have made*, before the effective date of such order or decision, application to

the commission for a rehearing. * * *." (Emphasis ours). The order sought to be reviewed was dated February 2, 1940, and a certified copy was duly forwarded to the railroad company by mail and received by it on February 3, 1940. A motion for rehearing was mailed to the commission and received by it on February 12, 1940. The court held that the effective date of the order was February 12, 1940, and that the motion for rehearing was not timely made since it did not reach the commission before the effective date of the order. The court said: "We hold that the application for a rehearing was not 'made' to the commission, until the motion for a rehearing reached the commission; that a mere posting in Kansas City was insufficient; and that, if the effective date of the order was Monday, February 12, 1940, the filing of appellant's application for a rehearing on the same date, was not in time under the terms of the statute."

In St. Louis Law Printing Co. v. Aufderheide, 226 Mo.App. 680, 45 S.W.2d 543, the question presented was whether a motion for new trial was timely filed. The statute in force at that time, § 1005 R.S. Mo.1929 [2], provided: "All motions for new trials and in arrest of judgment shall be made within four days after the trial, if the term shall so long continue; and if not, then before the end of the term." The trial was concluded on January 16, 1930, and resulted in a verdict for defendant. Two days later, on January 18, 1930, the court adjourned for the term, and on the same day plaintiff's counsel prepared and sent by registered mail to the clerk of the circuit court a motion for new trial which the clerk received on January 20, 1930, but filed as of January 18, 1930. The Kansas City Court of Appeals held that since the motion was not delivered to the clerk before the end of the term it was not made in due time. The court said: (45 S.W.2d loc. cit. 545)

"The word 'made' is not synonymous with 'prepared' in this statute, but with the word 'filed.' Further, plaintiff contends the act of depositing the motion for a new trial in the mails, properly addressed to the clerk on January 18, 1930, before the court adjourned for the term on that day, was a 'delivery' of the motion to the clerk and that the trial court should so have held. Plaintiff cites a number of cases holding, in effect, that the placing of an insurance policy in the mails by the insurance company is a 'delivery' of the policy to the insured. This is on the theory that the policy passes out of control of the insurer and into control of the insured, when placed in the mails. But no case is cited which holds the placing of a motion for a new trial in the mails, addressed to the clerk of the court, is a filing of the motion, and we have not been able to find any. On the contrary, the decisions in this state hold the word 'filing' means both a delivery to the court or clerk and acceptance for the purpose intended."

In Bouv. Law Dict. (Rawle's Third Revision) Vol. 2, page 1219, it is said:

"Filing a paper, in modern usage, consists in placing it in the custody of the proper official by the party charged with the duty, and the making of the proper indorsement by the officer. [Stone v. Crow], 2 S.Dak. 525 [51 N. W. 335]. In the sense of a statute requiring the filing of a paper or document, it is filed when delivered to and received by the proper officer to be kept on file. The word carries with it the idea of permanent preservation of the thing so delivered and received; that it may become a part of the public record. It is not synonymous with deposited; [People v. Peck], 67 Hun 560, 22 N.Y. S. 576."

We held in Mirax Chemical Products Corp. v. Tarantola, Mo.App., 268 S.W.2d 71, that the act of depositing a motion for

2. Now V.A.M.S. § 510.340.

new trial in the mail did not constitute the filing of it, for there must be an acceptance of the instrument by the proper officer for the purpose of filing it. Acceptance by the proper officer was also held a prerequisite in Byers v. Zuspann, Mo.App., 257 S.W.2d 384.

Finally, it is urged that § 287.480, supra, should be liberally construed to effectuate the legislative intent, which was to give the parties to such a proceeding ten days within which to make an application for review. It is argued that the effect of the commission's ruling was to deny appellant said ten days. Appellant cites and relies on § 287.-800 which, in substance, provides that the provisions of the act shall be liberally construed with a view to the public welfare, and that a substantial compliance therewith shall be sufficient to satisfy the requirements of the act.

The provisions of the statute are very simple and plain, and there is no occasion to apply the rule of liberal construction. In Martensen v. Schutte Lumber Co., 236 Mo.App. 1084, 162 S.W.2d 312, a similar argument was advanced to extend the time for filing a claim. The court said: (162 S.W.2d loc. cit. 316)

"A liberal construction in order to effectuate the purposes of the law cannot be indulged to the extent of changing the law. It would be a plain violation of the statute to hold that a claim could be prosecuted before the Commission when it was not filed as the statute requires."

·Section 287.480 RSMo 1949, V.A.M.S., in plain and unambiguous language, provides that: "If an application for review is made to the commission within ten days from the date of the award, the full commission * * * shall review the evidence * * * and shall make an award and file same * * *." If the General Assembly had intended to give a party ten days from the date of receipt of notice it could have said so in so many words. We cannot by any rule of liberal construction extend the time beyond the period of ten days.

The filing of a petition for review within the time prescribed by § 287.480, supra, is jurisdictional. State ex rel. Kenney v. Missouri Workmen's Compensation Commission, 225 Mo.App. 501, 40 S.W.2d 503.

Since the application for review was not timely made, the commission had no jurisdiction to review the referee's award. The commission's order denying said application was proper, and the judgment of the circuit court affirming said order should be affirmed by this court, and it is so ordered.

RUDDY, P. J., and JAMES D. CLEMENS, Special Judge, concur.