J. E. ELY, Plaintiff-Respondent,

v.

Gordon PARSONS, Parsons Construction Company, and Harold H. Parsons, Defendants,

Gordon Parsons and Harold H. Parsons, Appellants.

No. 31919.

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1966.

As Modified Feb. 21, 1966.

Charles E. Rendlen, Jr., of Rendlen & Rendlen, Hannibal, for appellants.

Marion F. Wasinger and Frank B. Harvey, of Carstarphen, Harvey & Wasinger, Hannibal, for respondent.

JAMES D. CLEMENS, Special Judge.

The keystone of this case is the question of defendants' negligence as a matter of law. The plaintiff was driving his automobile along a highway when the defendants' road grader emerged from a private road. There was a collision, causing damage to both vehicles. Plaintiff J. E. Ely sued and defendant Gordon Parsons counterclaimed. The jury found against the plaintiff on his petition and for the defendant Gordon Parsons on his counterclaim. The trial court granted plaintiff a new trial, and defendants Gordon Parsons and Harold H.

Parsons appeal, the only issue here being whether the trial court was justified in granting the new trial.

It was granted primarily on the ground that the driver of the grader, defendant Harold Parsons, was contributorily negligent as a matter of law. The trial court further based its order on the ground that it had erred in allowing the defendant to amend the counterclaim at the close of evidence. Additionally, the plaintiff claims he was entitled to the new trial for errors in empaneling the jury and in a given instruction. However, we believe the issue of the defendants' contributory negligence is decisive on this appeal, and we so limit our opinion. We state the pertinent facts in a light favorable to the defendants.

State Highway No. 19 runs due east and west through Ralls County, between the towns of Perry and New London. There is a paved surface twenty feet wide with concrete flanges about six inches wide and four inches higher than the pavement. This paved surface is flanked by six-foot shoulders and by ditches and back slopes of unstated widths. The highway was being repaired, and defendant Gordon Parsons had a subcontract for grading the shoulders, ditches and entrances. The highway was liberally marked with warning signs, which plaintiff ignored. The Arch Robertson farm lay on the south side of the highway, and a private road led upgrade from the highway to his house. The defendants' work included grading this entrance. Defendant Harold Parsons was near the Robertson house, 75 to 100 feet back from the highway, operating his grader down the private road toward the paved portion of the highway. Meanwhile, the plaintiff was driving eastward at 50 to 60 miles per hour along the very south, right-hand edge of the paved portion of the highway. Each driver's view of the other was unobstructed for one-half to one mile. When plaintiff was about half a mile west of the Robertson entrance he saw the grader, which was then about a hundred feet back from and headed down toward the highway. Harold Par-

sons was then at a stop, and although he looked both ways he did not see plaintiff coming from the west. Harold Parsons then "set his blade" and begun moving the grader forward, at a speed of less than one mile per hour, without again looking toward the highway. He testified:

"Q. Now you told Mr. Rendlen that you were back about a hundred feet from this driveway when you looked both ways and you saw a car coming from the east but didn't see any thing coming from the west, is that right?

"A. I said approximately, didn't I, seventy-five to a hundred feet.

"Q. Well, whatever it was. I thought you said a hundred feet, but whatever you said, you looked and you saw a car coming from the east and none coming from the west, is that right?

"A. That's right.

"Q. Then you put your blade down and it took about two minutes to get down to the highway and you never looked again, is that right?

"A. I never looked east or west, no, sir."

Plaintiff did not see the grader again until the moment of impact and the defendants' grader had just come to a stop when the two vehicles collided near the edge of the pavement, the right side of plaintiff's car sideswiping the front tires of the grader.

As said, after a verdict and judgment in the defendants' favor on both the petition and the counterclaim, the trial court granted plaintiff a new trial on the ground that the defendant grader driver was guilty of contributory negligence as a matter of law. We do not review this ruling with the oft-repeated statement that the granting of a new trial is discretionary with the trial court. That is so when the issue is one of fact. But the ruling now before us is one of law, and we review it unhindered by any presumption in favor of correctness. Mat-

tocks v. Emerson Drug Co., Mo.App., 33 S.W.2d 142 [10]; Schipper v. Brashear Truck Co., Mo., 132 S.W.2d 993 [2], 125 A.L.R. 674. The question of defendants' freedom from negligence was for the jury, unless reasonable minds could not draw such a conclusion; and we must consider the evidence in the light most favorable to the defendants, in whose favor the jury found. Thompson v. Byers Transp. Co., 362 Mo. 42, 239 S.W.2d 498 [3, 4]; Johnson v. Lee Way Motor Freight, Inc., Mo., 261 S.W.2d 95 [1].

In their brief the defendants stress the evidence showing plaintiff knew of the highway work, that he passed defendants' warning signs, and that he did not maintain a lookout after he saw their grader approaching the highway. They cite three cases in support of their contention that plaintiff was guilty of negligence as a matter of law. That argument is sound but is not relevant here, for we are concerned only with the trial court's ruling that *defendants* were negligent as a matter of law.

In granting the plaintiff a new trial on that ground, the trial court filed a memorandum, saying:

"1. The evidence showed defendants were negligent as a matter of law in violating their common law and statutory duty to yield the right-of-way when the operator of the grader approached and entered the highway from a private drive from the south. The operator of the grader drove seventy-five or one hundred feet toward the highway after setting his grader blade at a speed of one mile per hour and never looked to the west to see if there were any vehicles approaching on the highway from the west. His failure to look before coming onto the traveled portion of the highway was a violation of both his common law and statutory duty, and constituted negligence as a matter of law. Major v Davenport [Mo.App.], 306 S.W. (2d) 626; Douglas v. Whitledge [Mo.App.], 302 S.W.

(2d) 294, Roux v Petters [Pettus] [Mo.App.], 293 S.W. (2d) 144. The operator had an unobstructed view from ½ mile to one mile and at the rate of speed of one or two miles per hour he could have stopped before reaching the point of collision; the operator stated that he did not see the plaintiff's car until the impact. It was error for the court to submit defendant's counterclaim on primary negligence because defendant's claim was barred, on such negligence, by the contributory negligence of the operator of the road grader."

Of necessity, this finding of negligence of defendant Harold Parsons must be based on a breach of some duty owed by the defendant to the plaintiff. We will examine the parties' contentions as to that duty.

█ Defendants argue that because they were engaged in work upon the highway, they were under no duty to keep a lookout for plaintiff's approaching automobile. They cite cases holding that an injured workman afoot on the highway was not contributorily negligent in failing to see the approaching automobile that struck him. These cases are not in point, because they deal with the duty of a pedestrian rather than the duty of a motorist. That duty is imposed by § 304.010 RSMo 1959, V.A.M.S., which requires every person operating a motor vehicle *on a highway* to use the highest degree of care. Other courts have declined to except road machinery from this duty (see 60 C.J.S. Motor Vehicles § 371, p. 925), and we find no authority to do so.

Most of the argument of each party is pointed to the factual issue of whether defendant Harold Parsons drove the grader onto the *paved portion* of the highway, or whether the collision occurred just short of that line. Viewing the evidence in a light favorable to defendants, the jury could have believed: that the right-hand wheels of plaintiff's car were moving along the very edge of the pavement, and that the overhang of his car extended some-

what beyond that line; and that the front edge of the grader's tires reached but did not extend beyond the edge of the pavement. This factual issue would be material only if it affected the duty owed by the defendants to the plaintiff.

The duty of a motorist to use the highest degree of care is not limited to the paved portion of a highway, but extends to the shoulder of the highway. This issue was ruled in Eoff v. Senter, Mo.App., 317 S.W.2d 666 [7–8], the court saying:

"* * * We find no evidence that at the time plaintiff was struck defendant was operating the motor vehicle on the privately owned parking lot of the aircraft company. At that time the automobile was either on Banshee Road, a public drive, or on the shoulder, some 15 feet from the traveled portion of the road. * * * From this evidence we conclude that defendant was operating his automobile upon a 'highway' traveled by the public within the meaning of § 304.010, supra, and not upon private property. * * *"

And, in the case of Bush v. Kansas City Public Service Co., 350 Mo. 876, 169 S. W.2d 331 [7], where the issue was the care required of a bus driver standing on private property just off a public street, the court said:

"* * * It certainly would be a strained construction of the statute, § 8383, R.S.Mo.1939, Mo.R.S.A. § 8383 [now § 304.010 RSMo 1959, V.A.M.S.], to say that under such circumstances the operator of appellant's bus was required to exercise only ordinary care. Since the bus was at the street line and the operator intended to drive it upon a public street we rule that he was bound to exercise the highest degree of care to discover traffic upon the street and that such care is required by the statute, supra. * * *"

Applying these opinions to our case, we hold that from the moment the grader left the private driveway he was "on the highway" and owed plaintiff the duty to operate the grader with the highest degree of care as required by § 304.010 RSMo 1959, V.A.M.S. This included the duty to keep a vigilant lookout for automobiles using the highway. Patton v. Hanson, Mo., 286 S.W.2d 829 (1). These same principles compel us to hold that defendants owed plaintiff a duty to use the highest degree of care to yield the right-of-way required by § 304.021, subd. 5, RSMo 1959, V.A.M.S., which says: "The driver of a vehicle about to enter or cross a highway from an alley or any private road or driveway shall yield the right of way to all vehicles approaching on said road or highway." And, this duty exists independently of the statute. Wheeler v. Breeding, Mo.App., 109 S.W.2d 1237 (2).

We have thus determined defendants' duty to plaintiff, and noted that he admittedly failed to look before and after entering the highway, during which time the plaintiff approached the point of collision in full view. This leads us to the ultimate issue: whether the defendant grader driver was thereby so contributorily negligent as a matter of law that the trial court did err in submitting defendant Gordon Parsons' counterclaim to the jury.

We believe the cases cited in the trial court's memorandum, supra, fully support the conclusion therein reached. The general rule is stated in Roux v. Pettus, Mo.App., 293 S.W.2d 144 [2]: "A failure on the part of a plaintiff, where a duty to look exists, to see what is plainly visible, constitutes negligence as a matter of law. [Citing cases.]" This was followed in Douglas v. Whitledge, Mo.App., 302 S.W.2d 294 [1]. And, in the cited

case of Major v. Davenport, Mo.App., 306 S.W.2d 626, 1.c. 630, this court said:

"* * * These facts leave no room for doubt that, had plaintiff maintained a proper lookout, she could have seen defendant's truck within such distance and traveling at such speed as reasonably to indicate immediate danger of collision.

"Plaintiff, as she approached the intersection, was under a duty to watch for traffic approaching from the south and to see what was plainly visible. Failure to do so constituted negligence as a matter of law. [Citing cases.] * * *"

The later case of Payne v. Smith, Mo., 322 S.W.2d 764 [3], concerned a motorist who parked off the paved portion of a highway. The Supreme Court said:

"After seeing respondent's Chevrolet 200 yards away, appellant next saw it 15 feet from the point of impact. He never estimated its speed. He did not watch respondent's approach on the through highway but watched Walker's car on the shoulder. * * * We consider appellant contributorily negligent as a matter of law. [Citing cases.]"

■ Because defendant Harold Parsons should have looked but did not, and by looking he could have seen, we judge his conduct just as if he had actually seen the plaintiff approaching and, nonetheless, drove the grader directly into the plaintiff's path. Applying the above decisions to these facts, we hold that Harold Parsons was contributorily negligent as a matter of law, and that the trial court correctly found it had erred in submitting defendant Gordon Parsons' counterclaim to the jury.

■ This conclusion leads to the question of · what disposition we should make on this appeal; namely, whether to re-verse outright the original judgment in favor of defendant Gordon Parsons on his counterclaim, or to affirm the order granting him a new trial. We note that the trial court's memorandum says it erred in submitting the counterclaim to the jury. Still, the trial court *denied* plaintiff's after-trial motion for judgment in accordance with his motions for a directed verdict, and the trial court *granted* plaintiff's motion for a new trial. The *plaintiff* did not appeal, so this court is limited to approving or disapproving the order granting the new trial. Mullen v. Lowden, 344 Mo. 40, 124 S.W.2d 1152 [8]; Reifeiss v. Barnes, Mo.App., 192 S.W.2d 427 [4]; Hovey v. Grier, 324 Mo. 634, 23 S.W.2d 1058 [2]. Because we have determined that the trial court's order was justified, the case should be reversed and remanded for a new trial.

■ But the new trial should be limited to the defendants' counterclaim. We hold that the verdict and judgment against the plaintiff on his petition is final and should not be retried upon remand. That part of the judgment was not challenged by plaintiff in his after-trial motion; he did not appeal thereafter; nor does he raise any substantial point on that issue here. At 5B C.J.S. Appeal and Error § 1935, it is said: "* * * an appellate court, on remanding a cause, may in its discretion either grant a complete new trial or restrict or limit the purpose of the proceedings or the issues to be tried in the lower court, according to which course is demanded by the circumstances of the ends of justice. * * *" More specifically, Civil Rule 83.13(c), V.A.M.R., provides that "no new trial shall be ordered as to issues in which no error appears." We see no error in the verdict and judgment against the plaintiff on his petition, and a retrial of that issue is neither necessary nor justified. Compare Slaughter v. Myers, Mo., 335 S.W.2d 50 [8]; and Hertel Electric Co. v. Gabriel, Mo.App., 292 S.W.2d 95 [17].

Accordingly, the order granting a new trial is affirmed, and the cause is remanded for a new trial on the counterclaim of defendant Gordon Parsons; and the judgment against the plaintiff on his petition should be held in abeyance pending disposition of the issues of the counterclaim, at which time one final judgment should be entered disposing of the rights of all parties.

ANDERSON, Acting P. J., and RUDDY, J., concur.

### ON MOTION FOR REHEARING

### PER CURIAM:

 Defendants' motion for rehearing was received by our clerk on the seventeenth day after our opinion was handed down. It may have been mailed by defendants before that day, but mailing does not constitute filing. This, because a motion is "filed" when it is delivered to the proper officer and lodged in his office. Byers v. Zuspann, Mo.App., 257 S.W.2d 384 [2]; Tabb v. McGinley, Mo. App., 313 S.W.2d 745 [1]. Civil Rule 83.16, V.A.M.R., is cast in mandatory language. It declares that a motion for rehearing "must be filed within fifteen days after the opinion of the court shall be filed." Neither counsel nor this court is at liberty to overlook that limitation. Hood v. M.F.A. Mutual Ins. Co., Mo.App., 379 S.W.2d 806 [13]. The defendants' purported motion for rehearing should be ordered stricken.

However, in view of the vigor of defendants' challenge of our opinion, we have examined it *ex gratia* and add the following comments. The defendants' main contention is that our statement of facts says that their grader was still in motion when the two vehicles collided. That was the only direct evidence, but it came from plaintiff's witness. The defendants' evidence would support an inference that their grader had just come to a stop when the vehicles collided. We have modified our opinion accordingly by deleting from page 615 the words "was still in motion" and substituting therefor the words "had just come to a stop." We have reconsidered our opinion in the light of the altered statement of fact without reaching a different result. The crucial issue was the failure of the driver of defendants' grader to keep a lookout for plaintiff; and our finding that he was contributorily negligent as a matter of law is not altered by the challenged fact. So, if permitted to review defendants' motion for rehearing on its merits, we would overrule it; but since it was not filed within the permitted time, our order is that the motion be stricken and that our opinion be modified.