Ralph D. HOLMES, Employee-Respondent,

v.

NAVAJO FREIGHT LINES, INC., a self-insurer, Employer-Appellant.

KCD25979.

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

Lee E. Wells, McKenzie, Williams, Merrick, Beamer & Wells, Kansas City, for appellant.

L. R. MaGee, Hines & MaGee, Kansas City, for respondent.

Before SHANGLER, C. J., and CROSS, DIXON, PRITCHARD, SWOFFORD and WASSERSTROM, JJ.

SWOFFORD, Judge.

This is an appeal in a Workmen's Compensation case. The Circuit Court entered a judgment overruling employer-appellant's motion for a special order allowing appeal and sustained employee-respondent's motion to dismiss the appeal upon the ground that a notice of appeal had not been filed by the employer within 30 days after the final award of the commission as prescribed by Section 287.490 V.A.M.S.

The facts necessary for our determination of this matter may be simply stated. The employee's claim arose out of accidental injuries sustained by him on May 22, 1968 while employed as a truck driver by the Navajo Freight Lines, Inc.

His claim was initially heard before Referee Brose, who entered an award for the employee on April 2, 1970. Employer applied for review of such award and on July 7, 1971, the Industrial Commission affirmed the referee's findings and entered a final award for employee of $11,493.60, through two commissioners. The third commissioner filed a dissenting opinion.

There was a stipulation of facts filed in the Circuit Court wherein the parties stipulated that the employer-appellant would offer by proper testimony (which evidence, according to the stipulation, was not admitted by the employee-respondent but not contested or refuted) certain facts relating to the attempted appeal by the employer from such final award of the commission to the Circuit Court.

In substance, these facts were that counsel for employer did on August 4, 1971 prepare its notice of appeal and mailed the same by certified letter to the Industrial Commission at Jefferson City, Missouri by depositing the same in a United States mail box in the Bryant Building in Kansas City, Missouri at 4:30 o'clock p. m. on that date. There were regularly scheduled pickups at this receptacle at 4:50 p. m. and 6:00 p. m. for transmittal to the main post office at Kansas City.

For reasons unknown to the employer, this certified letter was not postmarked at Kansas City until August 5, 1971 and not postmarked at Jefferson City, Missouri until August 6, 1971.

At Jefferson City, the certified letter was placed in the post office box of the Industrial Commission rather than delivered, as was necessary with reference to a certified letter, with return receipt requested. It was not in fact delivered to the Industrial Commission until August 9, 1971, 33 days after the entry of the commission's final award. It was stipulated that the normal mail delivery time between Kansas City and Jefferson City is one day.

On August 9, 1971, the commission acknowledged receipt of the notice of appeal and forwarded its file to the Circuit Court of Jackson County, Missouri, which was received by that court on August 11, 1971. On August 16, 1971, employee-respondent filed his motion to dismiss the appeal. On October 8, 1971, employer-appellant filed its motion for a special order allowing an appeal out of time and on November 11, 1971, the court below entered the judgment above referred to from which this appeal was taken in due course and in proper form.

The applicable statute relating to the time for appeals from the Industrial Com-

mission is Section 287.490 V.A.M.S., which provides in part:

"The final award of the commission shall be conclusive and binding unless either party to the dispute *shall within thirty days from the date of the final award* appeal to the circuit court \* \* \*. Such appeal may be taken *by filing* notice of appeal with the commission, \* \* \*." (Emphasis supplied.)

The right to appeal was unknown at common law, and no such right exists in our law absent a specific statutory or constitutional authority. Therefore, it has been generally held that the procedures outlined for an appeal by statute are mandatory and jurisdictional in that the jurisdiction of an appellate court depends upon strict compliance with the statutory procedural steps required to perfect an appeal. Graves v. O. F. Elliott, Inc., 355 Mo. 751, en banc, 197 S.W.2d 977, 979; Franklin v. Franklin, Mo.App., 344 S.W.2d 282, 284; Asher v. Thomas, Mo.App., 360 S.W.2d 957, 958; McPike v. St. Louis County Bank, Mo.App., 193 S.W.2d 961, 963; In re Interest of R—, Mo.App., 362 S.W.2d 642, 643; Heard v. Frye, Mo.App., 319 S.W.2d 685, 686.

The briefs before us and our independent research have not disclosed any Missouri decisions specifically applying these rules with reference to the notice of appeal to the Circuit Court in a workmen's compensation proceeding required to be filed within 30 days from the date of the final award under Section 287.490 V.A.M.S., supra. This statute is a special procedural statute applying only to Workmen's Compensation proceedings and is analogous to the requirement of Section 287.480, which requires that an application for review from a finding of a referee to the full Industrial Commission must be "made" within 20 days from the date of the referee's award. This statute with reference to review has been held to be jurisdictional and mandatory in Luketich v. Krey Packing Co., Mo.App., 413 S.W.2d 29, 31, and in

Tabb v. McGinley, Mo.App., 313 S.W.2d 745, in which latter case the court said with reference to Section 287.480, 1. c. 748:

"The provisions of the statute are very simple and plain, and there is no occasion to apply the rule of liberal construction. In Martensen v. Schutte Lumber Co., 236 Mo.App. 1084, 162 S.W.2d 312, a similar argument was advanced to extend the time for filing a claim. The court said: (162 S.W.2d loc. cit. 316)

'A liberal construction in order to effectuate the purposes of the law cannot be indulged to the extent of changing the law. It would be a plain violation of the statute to hold that a claim could be prosecuted before the Commission when it was not filed as the statute requires.'

\*    \*    \*    \*    \*    \*

The filing of a petition for review within the time prescribed by § 287.480, supra, is jurisdictional. \* \* \*"

In the case of In re Interest of T— G—, Mo.App., 455 S.W.2d 3, the terms of a special appeal statute relating to juvenile matters was under consideration, which statute permitted an appeal within 30 days after a "final judgment". The court there held that appeals are purely statutory and must be taken within the time and in the manner prescribed by statute; that statutory mandates cannot be changed by rule; and that since the juvenile code specifically provided a time for appeal, that Section 512.-050, relating to appeals generally, had no application.

It is noted that Section 287.490, supra, requires as a procedural step that the notice of appeal be "filed" within 30 days after the final award of the Industrial Commission.

It is also noted that Section 287.480, with reference to petitions for review, requires that such be "made" within the designated period.

In Tabb v. McGinley, supra, the court held that the act of depositing such an ap-

plication for review in the mail within the time period did not comply with the statute unless it was received by a proper office for filing within such time.

In the case of State ex rel. Alton R. Co. v. Public Service Commission, 348 Mo. 780, 155 S.W.2d 149, 154, which involved procedural matters under the Public Service Commission laws, it was held that an application for rehearing was not "made" by the mere posting of it in the mail, but was only "made" when it actually reached the Commission.

In the case of Byers v. Zuspann, Mo. App., 257 S.W.2d 384, 387–388, the court held that a notice of appeal was not "filed" when it was merely left or lodged in a circuit clerk's office and later discovered in a desk drawer, since the clerk had no knowledge of its filing.

There can be no doubt under these general rules, the applicable statutory provisions of Section 287.490, and the stipulated facts in the record, that the mailing of a notice of appeal by employer-appellant on August 4, 1971 (the 28th day after the final award) was not such a "filing" as to satisfy the terms of the statute.

The further stipulated fact that such notice of appeal was not actually delivered to the Commission until 33 days after the final award destroyed the Circuit Court's jurisdiction to hear the appeal.

■ But the employer-appellant seeks to escape this harsh result, primarily because it claims that the Circuit Court as an appellate tribunal in workmen's compensation cases could by special order extend the period for filing of notice of appeal to any time within 6 months of the final award. We cannot agree with this position. The statute and rule upon which employer-appellant bases this contention is Rule 81.07 (formerly Rule 82.07) and Section 512.060· V.A.M.S., which are identical except except for the reference in the rule to Rule 81.04, and in the statute to Section 512.050,

which in turn are identical. As pertinent here, Rule 81.07 and Section 512.060 read as follows:

"When Party May Appeal After Time for Filing of Notice Has Expired

(a) Appeal by Special Order—Motion —Notice. When an appeal is permitted by law from a final judgment in the *trial court,* but the time prescribed for filing the ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 (Sec. 512.050 V.A.M.S.) has expired, nevertheless a party seeking reversal of such final judgment may file a notice of appeal in the *trial court,* within 6 months from the date of such final judgment, *if permitted to do so by a special order of the appropriate appellate court.* The special order may be allowed by the appellate court, upon motion and notice to adverse parties, and upon a showing by affidavit, or otherwise, that there is merit in the appellant's claim for the special order and that the delay was not due to appellant's culpable negligence. * * *" (Emphasis supplied.)

Rule 81.04 (formerly Rule 82.04) and Section 512.050 V.A.M.S. provide as follows:

"Appeals, When and How Taken

When an appeal is permitted by law from a *trial court* and within the time prescribed, a party or his agent may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed *not later than ten days* after the judgment or order appealed from becomes final. * * *" (Emphasis supplied.)

It is obvious that neither the Supreme Court under its rule-making powers, Article V, Section 5, Constitution of Missouri, V.A.M.S., nor the Legislature intended the statutory provisions for a special order permitting notice of appeal out of time to

apply to special statutory proceedings, such as, workmen's compensation claims. Only those classes of appeals, wherein the notice of appeal is required to be filed within 10 days after the judgment or order of a trial court, are modified by the "special appeal" provision. Workmen's Compensation proceedings are basically administrative in nature; are governed by special laws; and Rule 81.07 and Section 512.060 V.A.M.S. cannot be made to apply in such proceedings without specific legislative authority. Such has not been given. However harsh this result may be in a given case, we cannot change the law as clearly stated by the Legislature.

By reason of our conclusion, it is not necessary nor appropriate that we decide whether the court below abused his discretion because he was afforded no area for its exercise under the admitted facts. Nor do the other arguments of appellant require decision.

The judgment of the trial court is accordingly affirmed.

All concur.