Lindell L. MARLER et al., Plaintiffs-Respondents,

v.

William H. HART et al., Defendants-Appellants.

No. 35046.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 13, 1974.

Robert A. McIlrath, Flat River, Ronald A. McClary, St. Louis, for defendants-appellants.

Charles G. Hyler, Gary E. Stevenson, Farmington, for plaintiffs-respondents.

WEIER, Judge.

This is a proceeding to have a certain roadway declared a legally established public road under the provisions of § 228.190, RSMo.1969, V.A.M.S., and to permanently enjoin its obstruction by the defendants. The court granted plaintiffs the relief sought and defendants appeal.

This appeal must be dismissed because the notice of appeal was not timely filed.

The order and judgment granting plaintiffs' petition was entered at the close of the trial on October 6, 1972. A timely motion for new trial was filed October 16, 1972. A judgment ordinarily becomes final thirty days after the entry of judgment. But if a motion for a new trial is filed, the judgment becomes final ninety days after the new trial motion is filed or, if the new trial motion is passed on at an earlier date, then on the date the motion for new trial is disposed of. Rule 81.-05(a), V.A.M.R. When the trial court overruled the motion for new trial on November 3, 1972, its judgment became final as of that date, and defendants were allowed ten days within which to file notice of appeal. Rule 81.04. (See also § 512.-050, RSMo. 1969, V.A.M.S.) The defendants, however, did not file notice of appeal until December 11, 1972.

The rationale behind strict judicial adherence to statutory appeals procedures was reiterated recently in Holmes v. Navajo Freight Lines, Inc., 488 S.W.2d 311, 313[2] (Mo.App.1972):

"The right to appeal was unknown at common law, and no such right.exists in our law absent a specific statutory or constitutional authority. Therefore, it

has been generally held that the procedures outlined for an appeal by statute are mandatory and jurisdictional in that the jurisdiction of an appellate court depends upon strict compliance with the statutory procedural steps required to perfect an appeal."

Defendants did not seek relief under Rule 81.07(a) which permits an appellant who meets certain requirements to file notice of appeal within six months from the final judgment if permitted to do so by a special order of the appropriate appellate court.

Because we lack jurisdiction to hear the appeal, it must be and is dismissed.

DOWD, C. J., and SIMEONE, J., concur.