**Jalena MARTINEZ,
Claimant/Appellant,**

v.

**LEA–ED, INC., and Division of
Employment Security,
Respondents.**

**No. ED 85205.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 25, 2005.

Jalena Martinez, St. Louis, MO, for appellant.

Lea–Ed, Inc., St. Louis, MO, Cynthia A. Quetsch, Jefferson City, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Jalena Martinez (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying

her claim for unemployment benefits. The appeal is dismissed.

A deputy of the Division of Employment Security (Division) concluded Claimant was disqualified from receiving unemployment benefits because she left her job voluntarily without good cause attributable to her work or the employer. Claimant filed an appeal with the Appeals Tribunal, who dismissed her appeal after she failed to appear for a hearing. Claimant filed an application for review by the Commission, which affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on April 21, 2004. Claimant filed a notice of appeal to this Court on September 28, 2004.

■ A claimant has twenty days to file an appeal from a final decision of the Commission. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on April 21, 2004. The decision became final ten days later and the notice of appeal was due twenty days thereafter. Sections 288.200, 288.210. Claimant mailed her notice of appeal to the Commission and her letter was postmarked on September 28, 2004, well after the notice of appeal was due.

■ This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Rissman v. V S M Abrasives Corp.*, 136 S.W.3d 851 (Mo.App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant has filed a response. She asks this court to consider the merits of her appeal, despite its lateness, because she believes her unemployment was denied for discriminatory rea-

sons. She asks this court to reconsider applying section 288.210.

■ An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Thomas v. St. Martin's Childcare Center*, 127 S.W.3d 704, 705 (Mo.App. E.D.2004). Even though Claimant's appeal may have merit, if her notice of appeal is untimely, this Court does not have jurisdiction. Section 288.210 sets forth stringent guidelines for the filing of the notice of appeal and fails to make any provision for late filing. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Our only recourse is to dismiss her appeal.

■ In addition, Claimant's request that we "reconsider" section 288.210, is one more properly for the legislature. The unemployment provisions for appeals are purely creatures of statute. If a statute needs an amendment, the legislature is the one to do it.

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.