Vincent PETERSEN,
Claimant/Appellant,

v.

BETHESDA HEALTH GROUP, INC.,
and Division of Employment
Security, Respondents.

No. ED 95521.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 9, 2010.

Sam M. Devinki, Kansas City, MO, for appellant.

Michael Pritchett, Jefferson City, MO, for respondent.

Bethesda Health Group, St. Louis, MO, pro se.

ROY L. RICHTER, Chief Judge.

Vincent Petersen (Claimant) has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision denying his application for unemployment benefits. We dismiss the appeal.

On July 26, 2010, the Commission issued its decision concluding that Claimant was disqualified from receiving unemployment benefits because he was discharged from his employment for misconduct connected with his work. Claimant filed a notice of appeal to this Court. The Division of Em-

---

The record contains no evidence that the cost of Johnson's living expenses up to that point was less than $12,000.

ployment Security has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

Section 288.210, RSMo 2000, of the unemployment statutes requires a claimant to file a notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on July 26, 2010. Therefore, the notice of appeal to this Court was due on or before August 25, 2010. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission on September 13, 2010. Under section 288.240, RSMo 2000, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was September 13, 2010. As a result, Claimant's notice of appeal is untimely.

Unemployment benefits are solely a creature of statutory provision. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo. App. E.D.2005). The unemployment statutes do not provide for the late filing of the notice of appeal and do not recognize any exceptions for filing out of time. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, and GARY M. GAERTNER, JR., JJ., concur.