**Brittany CROWDER,**
**Claimant/Appellant,**

v.

**A.J. GROCERIES CORPORATION,**
**and Division of Employment**
**Security, Respondents.**

**No. ED 95600.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 30, 2010.

Brittany Crowder, St. Louis, for appellant.

Michael Pritchett, Jefferson City, A.J. Groceries, St. Louis, for respondent.

Brittany Crowder (Claimant) has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision regarding her application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was disqualified from receiving unemployment benefits because she had been discharged for misconduct connected with her employment. Claimant sought review with the Appeals Tribunal, which affirmed the deputy's determination. Claimant then filed an application for review with the Commission. On August 18, 2010, the Commission issued its decision dismissing Claimant's application for review as untimely. Claimant filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

The unemployment statutes require a claimant to file a notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on August 18, 2010. Therefore, the notice of appeal to this Court was due on or before Tuesday, September 17, 2010. Sections 288.200.2, 288.210. The secretary of the Commission certified that Claimant filed her notice of appeal on September 30, 2010, which is untimely. The unemployment statutes do not provide for the late filing of the notice of appeal and do not recognize any exceptions for filing out of time. *McCuin Phil-*

*lips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Because unemployment benefits are solely a creature of statutory provision, this Court cannot create an exception where none exists. *See, Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo.App. E.D.2005).

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.