Jonathan RAYMOND,
Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 95549.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 7, 2010.

Jonathan Raymond, St. Louis, MO, pro se.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Jonathan Raymond ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision regarding his application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security ("Division") concluded that Claimant was disqualified from receiving unemployment benefits because he left work voluntarily without good cause attributable to his work or employer. Claimant sought review with the Appeals Tribunal, which affirmed the deputy's determination. Claimant then filed an application for review with the Commission. On August 23, 2010, the Commission issued its decision affirming the Appeals Tribunal's decision. Claimant filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

The unemployment statutes require a claimant to file a notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on August 23, 2010. Therefore, the notice of appeal to this Court was due on or before September 22, 2010. Sections 288.200.2, 288.210. The secretary of the Commission certified that Claimant filed her notice of appeal on September 24, 2010, which is untimely.[1] The unemployment statutes do not provide for the late filing of the notice of appeal and do not recognize any exceptions for filing out of time. *McCuin Phillips v. Clean-Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D. 2000). Because unemployment benefits are solely a creature of statutory provision,

---

1. This certification appears to be based on the postmark on the envelope in which the notice of appeal was enclosed. The record also contains a faxed copy of a letter indicating Claim-ant·wishes to appeal. However, this has a facsimile date stamp of September 23, 2010, which is also untimely.

this Court cannot create an exception where none exists. See, *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo.App. E.D.2005).

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.