Lauren CHEATHEM,
Claimant/Appellant,

v.

ATLANTIC EXPRESS OF MISSOURI,
INC., and Division of Employment
Security, Respondents.

No. ED 95639.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 7, 2010.

Lauren Cheathem, St. Louis, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, Atlantic Express of Missouri, St. Louis, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Lauren Cheathem ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision regarding her application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security ("Division") concluded that Claimant was disqualified from receiving unemployment benefits because she was discharged from her employment for misconduct connected with work. This determination was affirmed by the Appeals Tribunal of the Division. Claimant then filed an application for review with the Commission. On February 25, 2010, the Commission issued its decision affirming the Appeals Tribunal's decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely.

Claimant has not filed a response to the motion.

A party aggrieved by an unemployment decision must file a notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on February 25, 2010. Therefore, the notice of appeal to this Court was due on or before Monday, March 29, 2010. Sections 288.200.2, 288.210; 288.240, RSMo 2000. The secretary of the Commission certified that Claimant filed her notice of appeal on October 12, 2010, which is untimely. The unemployment statutes do not provide for the late filing of the notice of appeal and do not recognize any exceptions for filing out of time. *McCuin Phillips v. Clean-Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D. 2000). Because unemployment benefits are solely a creature of statutory provision, this Court cannot create an exception where none exists. *See, Martinez v. Lea-Ed, Inc.,* 155 S.W.3d 809, 810 (Mo.App. E.D.2005).

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.