Lamorne McNEAL,
Claimant/Appellant,

v.

HIRE QUEST, LLC, and Division
of Employment Security,
Respondents.

No. ED 95730.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 18, 2011.

Lamorne Neal, St. Louis, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Lamorne McNeal ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision denying his application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security ("Division") concluded that Claimant was not disqualified from receiving unemployment benefits. His employer Hire Quest, LLC ("Employer") appealed this decision to the Appeals Tribunal of the Division. The Appeals Tribunal reversed the deputy's decision and concluded that Claimant was disqualified from receiving unemployment benefits. Claimant then filed an application for review with the Commission. On September 21, 2010, the Commission issued its decision affirming the Appeals Tribunal's decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

A notice of appeal to this Court in an unemployment matter is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on September 21, 2010. Therefore, the notice of appeal to this Court was due on or before October 21, 2010. Sections 288.200.2, 288.210. The secretary of the Commission certified that Claimant filed his notice of appeal by fax on October 29, 2010, which is untimely. The unemployment statutes provide no exceptions for filing a late notice of appeal. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d

854, 855 (Mo.App. E.D.2000). Because un-employment benefits are solely a creature of statutory provision, this Court cannot create an exception where none exists. *See, Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo.App. E.D.2005).

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J., and GARY M. GAERTNER, JR., J., concur.