Randy DAVIS, Claimant/Appellant,

v.

SCHNUCK MARKETS, INC.,
and Division of Employment
Security, Respondents.

No. ED 95933.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 15, 2011.

Randy Davis, Florissant, MO, pro se.

Michael Pritchett, Jefferson City, MO, for Respondents.

ROY L. RICHTER, Chief Judge.

Randy Davis ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision denying his application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security ("Division") concluded that Claimant was disqualified from receiving unemployment benefits. The Appeals Tribunal of the Division dismissed his appeal from that determination. Claimant then filed an application for review with the Commission. On October 27, 2010, the Commission issued its decision affirming the Appeals Tribunal's decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

A notice of appeal to this Court in an unemployment matter is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on October 27, 2010. Therefore, the notice of appeal to this Court was due on or before Friday, November 26, 2010. Sections 288.200.2, 288.210.[1] Under section 288.240, RSMo 2000, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was November 27, 2010. As a result, Claimant's notice of appeal is untimely.

The procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D. 1997). The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo. App. E.D.2005). The provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD and GARY M. GAERTNER, JR., JJ., concur.

___

1. While in the past the Governor has declared all state offices to be closed on the day after Thanksgiving, this year all executive branch departments were open. As such there was no "legal holiday" on Friday, November 26, 2010 for purposes of filing a notice of appeal in an unemployment security matter. *See,* section 288.240, RSMo 2000.