Leslie WILLIAMS, Claimant/Appellant,

v.

LABARGE PRODUCTS, INC.,
and Division of Employment
Security, Respondents.

No. ED 96161.

Missouri Court of Appeals,
Eastern District,
Division One.

March 22, 2011.

Leslie Williams, Pacific, MO, pro se.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Leslie Williams ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission's ("Commission") reversing the Appeals Tribunal's decision to award Claimant unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits after losing his job with Labarge Products, Inc. ("Employer"). A deputy of the Division of Employment Security ("Division") awarded Claimant unemployment benefits and Employer appealed to the Appeals Tribunal. The Appeals Tribunal affirmed the decision of the deputy and Employer then sought review with the Commission. On September 14, 2010, the Commission issued a decision reversing the Appeals Tribunal and concluding that Claimant was disqualified from receiving benefits because he had been discharged from his work for misconduct connected with his work. Claimant appealed to this Court, seeking review of the Commission's decision. In response, the Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

Unemployment cases are solely creatures of statute and thus, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Chapter 288 governing unemployment matters provides that a notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on September 14, 2010. This decision became final ten days thereafter and the notice of appeal to this Court was due on or before October 14, 2010. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission. Under section 288.240, RSMo 2000,

any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was January 8, 2011. As a result, Claimant's notice of appeal is untimely.

In his notice of appeal, Appellant apologized for the delay in filing his notice of appeal, but asserted he had not received the Commission's decision in a timely fashion because his girlfriend was holding his mail "out of act of revenge." While Appellant may have had reasons for not filing a timely notice of appeal, the unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal, no matter what the reason. *Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo.App. E.D.2005). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314–15 (Mo. App.1972). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.