Cynthia ROBERSON,
Claimant/Appellant,

v.

GIANINOCO, LTD., and Division
of Employment Security,
Respondents.

No. ED 96040.

Missouri Court of Appeals,
Eastern District,
Division One.

March 22, 2011.

Cynthia Roberson, St. Louis, MO, pro se.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Cynthia Roberson ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision regarding unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits, which was denied by a deputy of the Division of Employment Security ("Division"). Claimant filed an appeal to the Appeals Tribunal of the Division, which affirmed the order. Claimant then sought review with the Commission, which also affirmed the order. Claimant filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

The procedures outlined for appeal by statute in unemployment cases are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The unemployment statutes provide that a notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on November 5, 2010. Therefore, Claimant's notice of appeal to this Court was due on or before Monday, December 6, 2010. Sections 288.200.2, 288.210, 288.240, RSMo 2000. Claimant faxed her notice of appeal to the Commission on December 22, 2010. As a result, Claimant's notice of appeal is untimely.

The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo. App. E.D.2005). Moreover, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972).

Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.