Earl WALLACE, Claimant/Appellant,

v.

JAS MANAGEMENT ENTERPRISES, INC., and Division of Employment Security, Respondents.

No. ED 96176.

Missouri Court of Appeals, Eastern District, Division One.

March 22, 2011.

Earl Wallace, St. Louis, MO, pro se.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Earl Wallace ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission's ("Commission") denying his claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits, which was denied by a deputy of the Division of Employment Security ("Division"). This decision was affirmed by the Appeals Tribunal of the Division and the Commission. Claimant filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The unemployment benefits statutes provide that a notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on December 10, 2010, which makes the notice of appeal to this Court due on or before Monday, January 10, 2011. Sections 288.200.2, 288.210; section 288.240, RSMo 2000. The secretary of the Commission has certified that the notice of appeal was received by fax on January 17, 2011. As a result, Claimant's notice of appeal is untimely.

The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo. App. E.D.2005). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314–15 (Mo. App.1972). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD and GARY M. GAERTNER, JR., JJ., concur.