Robert **CLERKIN**, Claimant/Appellant,

v.

**ESTES EXPRESS LINES CORPORATION, and Division of Employment Security, Respondents.**

No. ED 96012.

Missouri Court of Appeals, Eastern District, Division One.

March 22, 2011.

Robert Clerkin, Arnold, MO, pro se.

Michael Pritchett, Jefferson City, MO, for Respondent.

**ROY L. RICHTER, Chief Judge.**

Robert Clerkin ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision denying his claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits after losing his job with Atlas Construction & Design, Inc. ("Employer"). A deputy of the Division of Employment Security ("Division") denied Claimant's claim, concluding he was disqualified from receiving unemployment benefits. Claimant filed an appeal to the Appeals Tribunal of the Division, which affirmed the deputy's decision. Claimant then sought review with the Commission. The Commission affirmed the decision of the Appeals Tribunal. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The unemployment benefits statutes provide that a notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on October 21, 2010, which makes the notice of appeal to this Court due on or before Monday, November 22, 2010. Sections 288.200.2, 288.210; section 288.240, RSMo 2000. The secretary of the Commission has certified that the notice of appeal was received on December 13, 2010.[1] As a result, Claimant's notice of appeal is untimely.

The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo. App. E.D.2005). The provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.

---

1. Claimant mailed his notice of appeal to the Commission. If mailed, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." Here, the actual date on the postmark is illegible, but the month is clearly December. Any date in December 2010 would be untimely.