Latoya GOOCH, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 96242.

Missouri Court of Appeals, Eastern District, Division One.

April 12, 2011.

---

Latoya Gooch, St. Louis, MO, pro se.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Claimant, Latoya Gooch, has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision concerning her claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits. A deputy of the Division of Employment Security ("Division") concluded that Claimant was ineligible for benefits as of May 23, 2010 because she was unable to work. Claimant filed an appeal to the Appeals Tribunal, which dismissed her appeal as untimely. Claimant sought review by the Commission, which affirmed the Appeals Tribunal's dismissal. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. In addition, section 288.210, RSMo 2000, of the unemployment benefits statutes provides that a notice of appeal to this Court is due within twenty days of the Commission's decision becoming final.

Here, the Commission mailed its decision to Claimant on December 28, 2010. Therefore, her notice of appeal to this Court was due on or before January 27, 2011. Sections 288.200.2, 288.210. Claimant faxed her notice of appeal to the Commission on January 28, 2011. Therefore, Claimant's notice of appeal is untimely.

The unemployment statutes provide the timeline for the filing of a notice of appeal to this Court and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo. App. E.D.2005). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to unemployment matters, which are special statutory proceedings. *Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App. 1972); *See also, Porter v. Emerson Elec. Co.*, 895 S.W.2d 155, 158–59 (Mo.App. S.D. 1995). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.