**Michael MANUEL, Claimant/Appellant,**

**v.**

**WORLD WIDE TECHNOLOGY HOLDING CO., INC., and Division of Employment Security, Respondents.**

**No. ED 96358.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 3, 2011.

Michael Manuel, Jr., St. Louis, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, World Wide Technology Holding Co., Inc., St. Louis, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Michael Manuel ("Claimant") has filed a notice of appeal from the Labor and Indus-

trial Relations Commission's ("Commission") decision denying his claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits. A deputy of the Division of Employment Security ("Division") denied Claimant's claim, concluding that he had voluntarily left his employment with Employer without good cause attributable to his work or Employer. Claimant filed an appeal to the Appeals Tribunal of the Division, which also concluded that Claimant was disqualified from receiving unemployment benefits. Claimant then sought review with the Commission. The Commission affirmed the decision of the Appeals Tribunal. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

A notice of appeal to this Court in an unemployment matter is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

█ Here, the Commission mailed its decision to Claimant on January 19, 2011. Claimant's notice of appeal to this Court was due on or before February 18, 2011. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission. Under section 288.240, RSMo 2000, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was February 22, 2011. As a result, Claimant's notice of appeal is untimely.

█ In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo.App. E.D. 2005). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD and GARY M. GAERTNER, JR., JJ., concur.