**Laura RILEY, Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. ED 96536.**

Missouri Court of Appeals, Eastern District, Division One.

May 17, 2011.

Laura Riley, St. Louis, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Laura Riley ("Claimant") has filed a notice of appeal from the Labor and Indus-

trial Relations Commission's ("Commission") decision concerning her claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security ("Division") concluded that Claimant was ineligible for unemployment benefits, because she failed to establish a systematic and sustained effort to find work. Over a year later, Claimant sought review by the Appeals Tribunal of the Division, which dismissed her appeal. Claimant then sought review with the Commission. The Commission affirmed the decision of the Appeals Tribunal. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

A notice of appeal to this Court in an unemployment matter is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on November 26, 2010. Therefore, Claimant's notice of appeal to this Court was due on or before Monday, December 27, 2010. Sections 288.200.2, 288.210, 288.240, RSMo 2000. The secretary of the Commission certified that she received the notice of appeal on March 25, 2011. Claimant did mail her notice of appeal to the Commission. Under section 288.240, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." However, the postmark date on the envelope is illegible, but is a date in March of 2011. Any date in March is untimely and therefore, Claimant's notice of appeal is untimely.

In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo.App. E.D. 2005).

In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314–15 (Mo.App.1972). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.