Marvell WILLINGHAM,
Claimant/Appellant,

v.

O'FALLON CASTING, LLC, and
Division of Employment
Security, Respondents.

No. ED 96539.

Missouri Court of Appeals,
Eastern District,
Division One.

May 17, 2011.

Marvell Willingham, St. Louis, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, O'Fallon Casting LLC, O'Fallon, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Marvell Willingham ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision denying his claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits. A deputy of the Division of Employment Security ("Division") denied Claimant's claim, concluding that he was discharged from his employment for misconduct connected with work. Claimant filed an appeal to the Appeals Tribunal of the Division, which affirmed the deputy's determination. Claimant then sought review with the Commission. The Commission affirmed the decision of the Appeals Tribunal. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

A notice of appeal to this Court in an unemployment matter is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on November 5, 2010. Therefore, Claimant's notice of appeal to this Court was due on or before Monday, December 6, 2010. Sections 288.200.2, 288.210, 288.240, RSMo 2000. Claimant mailed his notice of appeal to the Commission. Under section 288.240, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was March 24, 2011. Claimant's notice of appeal is untimely under section 288.210.

In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo.App. E.D. 2005). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.