Adnan LOLIC, Claimant/Appellant,

v.

SEARS HOME IMPROVEMENT PRODUCTS and Division of Employment Security, Respondents.

No. ED 96590.

Missouri Court of Appeals, Eastern District, Division One.

June 14, 2011.

---

Adnan Lolic, St Louis, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Adnan Lolic ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision regarding his claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits. A deputy of the Division of Employment Security ("Division") denied Claimant's claim, concluding that he left his employment without good cause attributable to his work or his employer. Claimant filed an appeal to the Appeals Tribunal of the Division, which dismissed his appeal as untimely. Claimant then sought review with the Commission and this appeal was also dismissed. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

A notice of appeal to this Court in an unemployment matter is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

■ Here, the Commission mailed its decision to Claimant on February 24, 2011. Therefore, Claimant's notice of appeal to this Court was due on or before Monday, March 28, 2011. Sections 288.200.2, 288.210, 288.240, RSMo 2000. Claimant mailed his notice of appeal to the Commission. Under section 288.240, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was April 4, 2011. Claimant's notice of appeal is untimely under section 288.210.

■ In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo.App. E.D. 2005). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.