Tabitha WATKINS, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 96653.

Missouri Court of Appeals, Eastern District, Division One.

June 14, 2011.

424

Tabitha Watkins, St. Louis, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Tabitha Watkins ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision regarding her claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits. A deputy of the Division of Employment Security ("Division") concluded Claimant was disqualified from receiving unemployment benefits. Claimant appealed to the Appeals Tribunal of the Division, which dismissed Claimant's appeal. Claimant filed an application for review with the Commission. On January 11, 2011, the Commission affirmed the Appeals Tribunal's decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Section 288.210, RSMo 2000, provides that a notice of appeal to this Court in an unemployment matter is due within twenty days of the Commission's decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on January 11, 2011. Therefore, Claimant's notice of appeal to this Court was due on or before February 10, 2011. Sections 288.200.2, 288.210. Claimant mailed her notice of appeal to the Commission. Under section 288.240, RSMo 2000, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was April 18, 2011, which is untimely under section 288.210.

The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo. App. E.D.2005). The provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972). Because Claimant's notice of appeal was untimely under the unemployment statutes, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD, J. and GARY M. GAERTNER, JR., J., concur.