Glenda BONNER, Claimant/Appellant,

v.

MERS/MISSOURI GOODWILL IN-DUSTRIES, and Division of Employment Security, Respondents.

No. ED 96898.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 16, 2011.

Sidney L. Siegfried, St. Louis, MO, for Appellant.

MERS/Missouri Goodwill Industries, Attn: Diana Mejia, St. Louis, MO, Respondent Acting pro se.

Michael E.C. Pritchett, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent, Division of Employment Security.

KURT S. ODENWALD, Chief Judge.

Claimant, Glenda Bonner, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning her claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits. A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for benefits because she had been discharged due to misconduct connected with her work. Claimant filed an appeal to the Appeals Tribunal, which dismissed her appeal as untimely. Claimant sought review by the Commission, which affirmed the Appeals Tribunal's dismissal. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

In unemployment matters, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. In addition, section 288.210, RSMo 2000, of the unemployment benefits statutes provides that a notice of appeal to this Court is due within twenty days of the Commission's decision becoming final.

Here, the Commission mailed its decision to Claimant on May 5, 2011. Therefore, her notice of appeal to this Court was due on or before Monday, June 6, 2011. Sections 288.200.2, 288.210; Section 288.240, RSMo 2000. Claimant filed her notice of appeal by fax on June 10, 2011. Therefore, Claimant's notice of appeal is untimely.

The unemployment statutes provide the timeline for the filing of a notice of appeal to this Court and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo. App. E.D.2005). In addition, the provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to unemployment matters, which are special statutory proceedings. *Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314–15 (Mo.App. 1972); *See also, Porter v. Emerson Elec. Co.,* 895 S.W.2d 155, 158–59 (Mo.App. S.D. 1995). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

ROBERT G. DOWD, JR., J. and GARY M. GAERTNER, JR., J., Concur.