Sunshine **CALDWELL**, Claimant/Appellant,

v.

**LM SERVICES CORPORATION FOR HDH, and Division of Employment Security, Respondents.**

No. ED 96748.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 16, 2011.

Sunshine Caldwell, St. Louis, MO, Appellant Acting pro se.

LM Services Corporation for HDH, LLC, St. Louis, MO, Respondent Acting pro se.

Michael E.C. Pritchett, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent Division of Employment Security.

KURT S. ODENWALD, Chief Judge.

Sunshine Caldwell (Claimant) has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision regarding her claim for unemployment benefits. The appeal is dismissed.

Claimant filed a claim seeking unemployment benefits. A deputy of the Division of Employment Security (Division) concluded Claimant was not entitled to unemployment benefits because she had been discharged from her employment due to aggravated misconduct. Claimant ap-

pealed to the Appeals Tribunal of the Division, which dismissed her appeal after she failed to participate in the hearing. Claimant filed an application for review with the Commission. On March 1, 2011, the Commission affirmed the Appeals Tribunal's dismissal. Claimant appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

Chapter 288, RSMo governs unemployment matters and those procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). A notice of appeal to this Court in an unemployment benefits determination is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on March 1, 2011. Therefore, Claimant's notice of appeal to this Court was due on or before March 31, 2011. Sections 288.200.2, 288.210. Claimant mailed her notice of appeal to the Commission. The postmark on Claimant's envelope was May 5, 2011. Under section 288.240, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." Claimant's notice of appeal was deemed filed on May 5, 2011, which is untimely under section 288.210.

Chapter 288 sets forth stringent guidelines for the filing of the notice of appeal and makes no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo.App. E.D. 2005). The provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims governed by Chapter 288. *See, Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314–15 (Mo. App.1972). Because Claimant's notice of appeal was untimely under Chapter 288, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

ROBERT G. DOWD, JR., and GARY M. GAERTNER, JR., J., Concur.